976 F.2d 746
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Aurelio M. FERRER, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7004.
 United States Court of Appeals, Federal Circuit.
 June 12, 1992.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs moves to suspend the requirement of filing the certified list and to dismiss Aurelio M. Ferrer's petition for review for lack of jurisdiction. Ferrer has not filed a response.
 
 
 2
 Ferrer sought service-connected disability benefits from the Department of Veterans Affairs based on his alleged prisoner-of-war status for 17 days. On July 11, 1989, the regional office notified Ferrer in a very brief letter that he had no status as a prisoner-of-war and had not established any compensable disabilities. The letter informed Ferrer of his appeal rights to the Board of Veterans Appeals. On August 7, 1989, the regional office sent another brief letter informing Ferrer that disability benefits were not available for veterans who served with the Philippine Commonwealth Army, recognized guerrillas, or certain special Philippine Scouts. On July 11, 1990, Ferrer filed a Notice of Disagreement (NOD) apparently protesting the regional office's July 11, 1989 decision.[1] On August 28, 1990, the regional office again notified Ferrer by means of a short letter that he was not qualified for benefits as his records did not show that he was imprisoned for at least 30 days. It is not clear whether this letter was in response to Ferrer's July 11, 1990 NOD. In any event, the regional office apparently did not respond to Ferrer's NOD by filing a statement of the case that would allow Ferrer to appeal to the Board. In his petition for review, Ferrer seeks to have the regional office process his NOD.
 
 
 3
 This court does not have jurisdiction to review Ferrer's petition. Pursuant to the Veterans' Judicial Review Act of 1988, this court has jurisdiction to review decisions of the Court of Veterans Appeals, 38 U.S.C. § 7292, and has jurisdiction to review certain actions of the Secretary, 38 U.S.C. § 502. With regard to the former, Ferrer is not seeking review of a decision of the Court of Veterans Appeals.[2] With regard to the latter, judicial review is limited to the Secretary's actions concerning the promulgation or publication of agency rules or regulations. Ferrer is not challenging the promulgation or publication of agency rules or regulations.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to suspend the filing of the certified list is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 
 [1]
 This NOD would be timely if it was postmarked within one year of the regional office's mailing of the July 11, 1989 letter. See 38 U.S.C. § 7105(b)(1)
 
 
 [2]
 We note that Ferrer's petition for review cannot be treated as a petition for writ of mandamus by this court, as this court would not otherwise have jurisdiction over this case pursuant to 38 U.S.C. § 502. See 28 U.S.C. § 1651 (courts may issue "all writs necessary or appropriate in aid of their respective jurisdictions"). Ferrer may file a writ of mandamus with the Court of Veterans Appeals, however, seeking to direct the regional office to process his NOD as required by the regulations and initiate the appeal procedure to the Board